Richard A. Wright
Nevada Bar No. 886
Monti J. Levy
Nevada Bar No. 8158
Wright, Marsh & Levy
300 S. Fourth Street, Suite 701
Las Vegas, NV 89101
Telephone: (702) 382-4800
Fax: (702) 382-4800
rick@wmllawlv.com
mlevy@wmllawlv.com

John P. Balazs
California Bar No. 157287
John Balazs Las Offices
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
Fax: (916) 557-1118
john@balazslaw.com

Attorneys for Defendant
Jose Luis Reynaldo Reyes-Castillo

## United States District Court

### District of Nevada

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Jose Luis Reynaldo Reyes-Castillo,<br><br>　　Defendant. | No. 2:19-CR-0103-JCM-VCF<br><br>Motion for Inspection and Copying of Grand Jury Records Re: Model Jury Plan Section 5.04 To Chief Judge Du<br><br>**(Capital Case)** |

**Certification:** This motion is timely filed as there is no deadline applicable.

### Memorandum of Points and Authorities

Jose Luis Reynaldo Reyes-Castillo, the defendant, by and through his attorneys of record, Richard A. Wright, Esq., and Monti J. Levy, Esq., of Wright Marsh & Levy, and John

Balazs, Esq., of John Balazs Las Offices, hereby files this Motion for Inspection and Copying of Grand Jury Records Re: Model Jury Plan Section 5.04 To Chief Judge Du. This Defendant moves the Court for an order to inspect and copy grand jury records as set forth below under the Fifth and Sixth Amendments to the U.S. Constitution, the Jury Selection and Service Act, 28 U.S.C. § 1861, *et. seq.*, and the public right of access to court records.

Pursuant to the Court's Jury Plan, Section 5.04, this motion is made before the Chief Judge.

## I.     Introduction

On August 4, 2021, a grand jury returned a Superseding Indictment charging defendants Jose Luis Reynaldo Reyes-Castillo, David Arturo Perez-Manchame, Joel Vargas-Escobar, and Alexander de Jesus Figueroa-Torres with conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(1), (5) (count 1). ECF 69. The Superseding Indictment also charges Mr. Reyes-Castillo with nine counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (counts 5, 8, 12, 16, 19, 22, 27, 29 & 33), five counts of kidnapping in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (count 9, 13, 28, 30, 34), attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (counts 25), eight counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (counts 6, 10, 14, 17, 20, 23, 26, 31), and seven counts of causing a death through the use of a firearm in violation of 18 U.S.C. § 924(j) (counts 7, 11, 15, 18, 21, 24, & 32). *Id.*

Counts 5, 7, 8, 11, 12, 15, 16, 18, 19, 21, 22, 24, 27, 29, 32 and 33 carry a maximum penalty of death. The Superseding Indictment also includes special findings with respect to these counts pursuant to 18 U.S.C. §§ 3591(a) and 3592(c). *Id.*

Mr. Reyes-Castillo moves for an order permitting the defense to inspect and copy records regarding the selection and composition of the grand jury that returned the Superseding Indictment in this case, including materials related to the Master Grand Jury Wheels and jury

list from which the grand jurors were selected.  Mr. Reyes-Castillo seeks these records in connection with an anticipated motion challenging the selection methods under the Jury Selection and Services Act, 28 U.S.C. § 1867(a), and the Fifth and Sixth Amendments.

## II.    Argument In Favor of Inspecting and Copying Grand Jury Records

The Sixth Amendment affords every criminal defendant the "constitutional right to a jury drawn from a fair cross section of the community" in which the defendant is tried." *Duren v. Missouri,* 439 U.S. 357, 368 (1979).  The Jury Selection and Service Act extends this constitutional requirement to the pool from which federal grand jurors are selected.  *See* 28 U.S.C. § 1861 ("[A]ll litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."); *see also* Jury Plan, Section 1.04.  Under the Act, a "defendant may move to dismiss the indictment or stay the proceedings against him on the ground of a substantial failure to comply with the provisions of [the Act] in selecting the grand or petit jury."  28 U.S.C. § 1867(a).

Section 1867(f) permits a defendant to "inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of" a motion to dismiss under § 1867(a).  "[A] litigant has essentially an *unqualified* right to inspect jury lists." *Test v. United States,* 420 U.S. 28, 30 (1975) (emphasis in original).  The unqualified right to inspection extends to not only matters covered by § 1867, but also applies to matters within the statute's overall purpose.  *United States v. Alden,* 776 F.2d 771, 773 (8th Cir. 1985); *see also In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 780-81 & 779 n.1 (9th Cir. 1984) (holding that the public has a right of access to ministerial grand jury records, those that "generally relate to the procedural aspects of the impaneling and operation of the . . . Grand Jury, as opposed to records which relate to the substance of the . . . Grand Jury's investigation").

"[I]ndeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious challenge." *Test,* 420 U.S. at 30*.*  To obtain access to

the jury records, "a litigant needs only allege that he is preparing a motion challenging jury selection procedures." *United States v. Layton,* 519 F. Supp. 946, 958 (N.D. Cal. 1981). If inspection reveals grounds upon which to challenge the jury selection, a defendant may file a motion to dismiss the Indictment under § 1867(a). *United States v. Beaty,* 465 F.2d 1376, 1381 (9th Cir. 1972). The Court should grant the motion if it determines that the jury selection procedure violated the Act. *Id.* at 1382.

Here, there are serious concerns as whether the grand jury that returned the Indictment in this case was representative of the community in the district and division wherein this Court convenes, particularly in light of the disproportionate medical and economic impact that the ongoing COVID-19 pandemic has had on certain populations. *See* National Jury Project Litigation Consulting/West Survey Findings June 2020: COVID-19 and Jury Service (finding difficulties in "select[ing] juries throughout 2020 which are diverse and represent a cross section of the pubic without imposing undue hardship" based on a June 2020 survey of 400 jury-eligible residents of Los Angeles and six Bay Area counties) (available at http://www.njp.com/covid-19-and-jury-service/). The defense intends to review the records and, depending on their contents, to use an expert to analyze whether the procedures in selecting the grand jury violated Mr. Reyes-Castillo's right to a grand jury selected at random from a fair cross section of the community. Such an analysis compares the grand-jury records to appropriate census data to determine whether grounds for a challenge exist. District courts have granted similar request for grand jury records, in whole or in part, in *United States v. Ramirez-Ortiz,* No. 20-CR-2667-GPC, 2021 WL 1662441 (S.D. Cal. Apr. 28, 2021), *United States v. Eldarir,* No. 20-CR-0243-LDH, 2020 WL 6545894 (E.D. N.Y. Nov. 20, 2020), *United States v. Holmes,* No. 5:18-CR-0258-EJD, 2020 WL 5408163 (N.D. Cal. Sept. 9, 2020), and *United States v. Cloud,* No. 1:19-CR-2032-SMJ, 2020 WL 4381608 (E.D. Wash. July 27, 2020).

## III.    Requested Grand Jury Records

1.    The Jury Plan for the District of Nevada (Jury Plan) currently in effect and, if different in any respect, and at the time when the grand jurors who returned the Superseding Indictment on August 4, 2021, were summoned in this case.  The Jury Plan is believed to be Plan for the Random Selection of Grand and Petit Jurors, as amended January 25, 2017, which is available on the Court's website.

2.    Any documents that reflect changes from the procedures in the Jury Plan for the grand jury or creation of the grand jury because of COVID-19.

3.    Any order of the Court that affects the procedures in the Jury Plan for the grand jury or creation of the grand jury because of the COVID-19 pandemic.

4.    The jury division or divisions chosen for the grand jury that returned the Superseding Indictment in this case.  Jury Plan, Section 4.05.

5.    Any documents that reflect the description of reasons for the choice of the jury division or divisions for the grand jury that returned the Superseding Indictment in this case. Jury Plan, Section 4.05.

6.    Any AO-12 form or JS-12 form created that relates to the Master Jury Wheel and Qualified Jury Wheel that were used to summon the grand jurors who returned the Superseding Indictment in this case on August 4, 2021, as required by 28 U.S.C. § 1863(a).

7.    Any other statistical or demographic analyses produced to ensure that the Master Jury Wheel and Qualified Jury Wheel that were used to summon the grand jurors who returned the Superseding Indictment in this case were in compliance with the Jury Plan, Jury Selection and Service Act, and constitutional requirements.

8.    The date on which the Master Jury Wheels that were used to summon the grand jurors who returned the Superseding Indictment in this case was refilled as described in Section 2.02 of the Jury Plan.

5

9.      The "specific and detailed procedures" followed as set forth in Section 2.03 of the Jury Plan and the record of calculations as described in Section 4.05 of the Jury Plan.

10.     Any general notice explaining the process by which names were drawn from the pool of qualified persons of each jury division for the grand jury panel.  Jury Plan, Section 1.11.

11.     The number of persons who failed to return a juror qualification form either electronically or on paper as described in Sections 3.02 and 3.03 of the Jury Plan.

12.     The number of persons who were summoned by the clerk to appear in the Clerk's Office to fill out a juror qualification form as described in Section 3.03 of the Jury Plan.

13.     The calculation of the number of potential jurors from the Las Vegas, Reno, and Elko jury divisions to ensure compliance with the numbers listed in Sections 2.02, 2.03, and 4.05 of the Jury Plan.

14.     The source data in electronic form for the Master Jury Wheel used to summon the grand jurors who returned the Superseding Indictment in this case, as described in Sections 2.01 and 2.02 of the Jury Plan, Sections VI, VIII, and XIV (voter registration lists).  The data should include, as available, Race, Gender, Ethnicity, Age, Year of Birth, Zip Code, County, and Jury Division.  The data shall not include any person information that could be used to identify any individuals, such as name or street address.

15.     The Master Jury Wheels data as described in Sections 2.01 and 2.02 of the Jury Plan, in electronic and accessible form that includes, Jury Number, Race, Gender, Ethnicity, Year of Birth, County, and Jury Division.  The data shall not include any personal information that could be used to identify any individuals, such as name or street address.

16.     The date when the grand jurors who returned the Superseding Indictment in this case were summoned and the term of the grand jury who returned the Superseding Indictment in this case.

17. The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors. This number should further be categorized by number per jury division. Jury Plan, Section 4.05.

18. The blank juror qualification and summons forms for the persons summoned to potentially be grand jurors.

19. Any COVID-19 questionnaires sent to the prospective grand jurors.

20. The Juror Numbers for the persons selected as potential grand jurors from August 5, 2020 to August 4, 2021.

21. The disposition of each summoned potential grand juror as to excusal, deferment, disqualification, or selection as described in Section 3.04 and 4.05 of the Jury Plan.

22. The Juror Number for each grand juror who retuned the Superseding Indictment in this case.

23. Any order reflecting the beginning of the term of the grand jury that returned the Superseding Indictment in this case and any records or orders related to any decision to extend the life of the prior grand jury or to transfer evidence from one grand jury panel to another.

24. A transcript of the Court's instructions and charges to the grand jury.

## IV.   Conclusion

For these reasons, the Court should grant defendant Jose Luis Reynaldo Reyes-Castillo's motion to inspect and copy grand jury records.

DATED July 15, 2022.

Wright Marsh & Levy

By:  */s/ Richard A. Wright*
Richard A. Wright
Monti J. Levy
John Balazs
Attorneys for Mr. Reyes-Castillo

7

## CERTIFICATE OF ELECTRONIC SERVICE

I HEREBY CERTIFY that on July 15, 2022, I caused a copy of the above entitled document to be served via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Debbie Caroselli*
Employee Wright Marsh & Levy