LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300
Email: Lisa@nvlitigation.com; efile@nvlitigation.com

IVETTE AMELBURU MANINGO, ESQ.
**LAW OFFICES OF IVETTE AMELBURU MANINGO**
Nevada Bar No. 7076
400 S. Fourth St., Suite 500
Las Vegas, NV 89101
Telephone:  (702) 793-4046
Email:  Iamaningo@iamlawnv.com

*Attorneys for Defendant ALEXANDER FIGUEROA-TORRES*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER FIGUEROA-TORRES,<br><br>Defendant. | Case No. 2:19-cr-00103-GMN-MDC<br><br>**DEFENDANT ALEXANDER FIGUEROA-TORRES'S MOTION TO PRECLUDE CERTAIN IMMIGRATION EVIDENCE** |

   Comes now the Defendant, Alexander Figueroa-Torres, by and through his counsel, Lisa A. Rasmussen, Esq. and Ivette Amelburu Maningo, Esq., and hereby moves this Court for an order precluding reference to certain immigration related activities or actions undertaken by Mr. Figueroa-Torres.  This Motion is based upon the following.

   It is anticipated that there may be testimony of Mr. Figueroa-Torres's immigration status and/or his presence in the United States or the fact that he was deported.  Indeed Mr. Figueroa-Torres *may* need to elicit testimony or evidence at trial that establishes what is a well established fact:  that he could not have participated in any of the acts or offenses

1

1  described in the Third Superseding Indictment that occurred after October 30, 2017
2  because he was arrested for a traffic violation on that date and then removed from the
3  United States in November 2017.  He was then arrested years later on February 2, 2024
4  upon entering the United States in the Southern District of Texas.  To the extent that there
5  is a clear timeline of when Mr. Figueroa-Torres was not here, i.e., when the majority of the
6  events and acts alleged in this case occurred, it is likely that Mr. Figueroa-Torres *may* need
7  to establish those facts.  Of course, the Defense must weigh the need to present this
8  evidence against its prejudicial effect and make the decision whether to elicit this testimony
9  or evidence at the time of trial.

However, the Court should preclude the introduction of said evidence by the prosecution unless and until the Defense decides to do so.  Further, the Court should preclude of any other unlawful entries into the United States, or any other removals from the United States.  It should similarly preclude use of the terms "illegal entry," or "illegal alien," because those terms carry with them an connotation of criminality that would be improper and prejudicial.

DATED this 26th day of March, 2025.

/s/ Lisa A. Rasmussen
LISA A. RASMUSSEN, Nevada Bar No. 7491
**MCLETCHIE LAW**

 /s/ Ivette A. Maningo
IVETTE AMELBURU MANINGO, Nevada Bar No. 7076
**LAW OFFICES OF IVETTE AMELBURU MANINGO**

*Attorneys for Alexander Figueroa-Torres*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2025, I did cause a true copy of the foregoing MOTION TO PRECLUDE CERTAIN IMMIGRATION EVIDENCE in the above-entitled case to be served electronically to all persons registered for CM/ECF service in the above-entitled case.

/s/ Lisa A. Rasmussen
An Employee of McLetchie Law

3